UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

FREDERICK DANNER, an individual,

    *Plaintiff*,

vs.

SUNWOOD, INC., a Florida corporation, and KAY BAYMAN, an individual, UNKNOWN TENANT #1, UNKNOWN TENANT #2, and ALL UNKNOWN PARTIES CLAIMING INTEREST BY, THROUGH, OR UNDER OR AGAINST A NAMED DEFENDANT TO THIS ACTION, OR HAVING OR CLAIMING TO HAVE ANY RIGHT, TITLE, OR INTEREST IN THE PROPERTIES HEREIN DESCRIBED,

    *Defendants*.

_____/

## **COMPLAINT**

Plaintiff, FREDERICK DANNER, by and through undersigned counsel, sues the Defendants, SUNWOOD, INC., (hereinafter, "Company"), and KAY BAYMAN, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

1. Plaintiff, a former employee of the Defendants, brings this action to recover overtime and minimum wage compensation, and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, KAY BAYMAN, individually, acted directly in the interests of the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant Company including the control of the pay practices at issue, and is therefore otherwise an 'employer' under the FLSA.

7. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

10. The Plaintiff was hired as a non-exempt employee by the Defendants to serve as a project assistant for the construction and remodeling of two residential projects in this judicial district.

11. During his employment, the Defendants however had the Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA by intentionally misclassifying

and labeling the Plaintiff as an independent contractor to avoid overtime and minimum wages. The Defendants by working the Plaintiff several hours over forty (40) hours per week consequently resulted in paying the Plaintiff, by virtue of a flat salary, less than the minimum wage per non overtime work hour as well as failing to pay any proper overtime.

12. The Plaintiff was also not an independent contractor. Rather, the Plaintiff was an integral part of the business of the Defendants and was controlled significantly by the Defendants which included, inter alia, instructions, reporting times and lunch breaks, as well as detailed work assignments like an employee from the Defendants. The Plaintiff was also paid a weekly "salary" by the Defendants like an employee, devoid of any opportunity for profit or loss and essentially served as a project assistant.

13. All records concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

14. Plaintiff, however, will exert diligent efforts to obtain such information if any by all appropriate discovery proceedings.

## COUNT I
## FLSA - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above.

15. Plaintiff is entitled to be paid the minimum wage for all hours worked up to forty hours (40) as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

16. By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA–KAY BAYMAN

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 of this Complaint.

16. Plaintiff is entitled to be paid the minimum wage for all hours worked up to forty hours (40) as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

17. By reason of the intentional, willful and unlawful acts of the Defendant, KAY BAYMAN, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, KAY BAYMAN, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

DATED: _____.

Respectfully submitted,

**WHITELOCK & ASSOCIATES, P.A.**
300 Southeast Thirteenth Street

Fort Lauderdale, Florida 33316
Tel: (954) 463-2001 Fax: (954) 463-0410
Email: cjw@whitelocklegal.com;
davidfrank@whitelocklegal.com
Counsel for Plaintiff

*/s/ Christopher J. Whitelock*
CHRISTOPHER J. WHITELOCK
Florida Bar No. 0067539
DAVID FRANK
Florida Bar No. 93906